HART v. SWIFT & CO., REFINERY

(February 17, 1930.   Opinion and Decree.)

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellant.

Chas. F. Fletchinger, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.   In this suit, the surviving widow of Hilary Hart sues for compensation for his death, which she alleges resulted from injuries received in the course of his employment as a result of "certain bags falling upon him and knocking him down and causing him to strike his leg on an iron wheelbarrow." The defendant denies that the alleged accident occurred or that the cause of Hart's death was in any way related to his employment.   There was judgment below in defendant's favor, and plaintiff has appealed.

Hart died in the Charity Hospital of this city.   The certificate from that institution, which has been offered in evidence, gives the cause of his death as chronic osteomyelitis of tibia, chronic nephritis, and general arteriosclerosis.   There is medical testimony in the record to the effect that osteomyelitis is commonly caused by trauma, but there is no evidence, beyond certain statements of the dead man to members of his family and others that he was hurt in the manner set forth in the petition. No claim for compensation was made by Hart prior to his demise, although he lived three months after the alleged accident is said to have occurred, notwithstanding the fact that Hart had previously claimed and received from the defendant compensation for a previous injury, and it may therefore be assumed that he was familiar with his rights under the compensation statute (Act No. 20 of 1914, as amended).   The records of the defendant indicate that Hart did not work on September 19, 1927, when he is said to have been injured. The hospital record gives a different account, evidently based upon Hart's own statements, of the manner in which the accident happened.

512

The explanation of his condition is there given as the result of striking his leg against a plank. Plaintiff has failed to make out a case, and must be denied recovery.

"It is incumbent upon the plaintiff, in a suit under the Workmen's Compensation Act, to prove the fact of an injury accidentally happening to him in the course of his employment, and a causal connection between such injury and the disability he complains of." Cordray vs. Standard Oil Co. of Louisiana, 9 La. App. 458.

For the reasons assigned, the judgment appealed from is affirmed.